May it please this Court, on the first certified issue in this case, I've decided to reframe the issue so I'm not just repeating what's in the brief all of you have already read. The issue from my point of view is, does a defendant, excuse me, does an appeal agreement, I'll strike that, let me start again. Does a plea agreement, appeal, or 2255 waiver extinguish the right to counsel thereafter? The answer has to be no, and the reason why is that this Court has recognized such right during the process of post-plea in several cases. As no one has argued that the right was extinguished, the argument was that it's been waived. That is the argument. But to argue that the right is automatically waived when it's not specifically in the plea agreement would be, in a way, extinguishing one's right to counsel after the plea. Kagan, could you jump forward a minute and tell us what is the IAC claim that you're making under merit? Suppose we said, okay, fine, you can reach it. What is it? What it is, Your Honor, is that there was a shotgun that was found in a closet that doesn't even work, that used to be used for hunting. And so our view of the case is that that shotgun cannot be used to enhance the defendant's sentence. Do you believe that issue in any sensible way at all? Yes. Isn't there a lot of case law that says if there's, you know, drugs, you have the drugs in the same exact place as the shotgun, as I understand it. And is there any chance this would have succeeded, especially when it was on a – this was all on a guidelines issue, right, so it wouldn't have been beyond a reasonable doubt, it would have been a preponderance test? Yes, Your Honor. But the problem is that the firearm was not admitted in the plea agreement. The plea agreement only accounted for a certain amount of drugs being found. Okay. But there were facts that involved – I mean, it was in the pre-sentence report. Is that where it was? That's correct. The pre-sentence report makes a real – The argument that they should have argued there was no shotgun? No, Your Honor. There was a general objection made during sentencing to the use of the shotgun to enhance the sentence. However, it is our point of view that when the probation department recommended a two-level enhancement foreclosing any safety valve benefits, at that point, prior counsel should have moved to withdraw the plea because that was not anticipated as having any bearing on the plea. So you're not arguing that they should have litigated it differently. You're arguing that she should have moved to withdraw the plea because – did the plea preclude any additional enhancements? Well, the plea in this case would only have two enhancements, one involving the weight of the drug and the second is that this gun was somehow directly related to the drugs that were found in the room. Right. But our case law says that's enough. Do you have any case that says that would give you hope to prevail on that issue? Well, if we take it one step back, Your Honor, prior counsel should have advised the defendant that if he were to plead the way he did, that there were a likelihood or even a possibility that the gun that was found in the room would enhance the sentence. So is your claim that the plea – that it was the – it was in advising on the plea that it was ineffective? I'm trying to get to the bottom of what is your ineffectiveness claim. Yes. There are two levels of ineffectiveness, Your Honor. First of all, the plea was not knowing or voluntary because when the defendant entered the plea, he had no knowledge that this unusable shotgun in the closet would be used to enhance his sentence. And so – Where's that argument in your brief? That argument was brought up – the Court is asking me whether my brief has the argument that – well, the basic facts are in the – in the 2255, and so the Court does have the power to find certain arguments if the facts are in the 2255. But the case law seems to be, and the district court assumed, that if that was your argument, that you could raise your IAC claim, right? The district court seemed to understand that, and our case law seems to say, that if your IAC claim goes to the validity of the plea, then you can raise it, despite a waiver. But you didn't say in your brief that's what you were doing, did you? No. My brief did not touch on that directly, Your Honor. Is there any evidence in the record as to what, in fact, the lawyer told him or what he says the lawyer told him or anything like that? The facts are stated in the 2255 that was filed. Unfortunately, Judge Ishii did not certify certain issues to be moved to this Court. But the underlying facts – Brief issues even if they're not certified. Would you repeat that, please? You can brief issues – brief issues even if they're not certified, and then ask us to certify them. You didn't do that either. Understood, Your Honor. So make sure – let me make sure I have the facts straight in this case. There were two attorneys, right? Yes. So you have one attorney who advises him during the plea negotiations, true? Yes. And then what happened to that attorney? Was he true? I believe the first attorney was an appointed attorney. And when the PSI came out with this gun enhancement, then the defendant fired his first attorney that was appointed and hired private counsel. Okay. So private counsel comes in, and then at the sentencing hearing he said, don't impose the gun charge. That was not part of the plea agreement. And the Court says, well, the plea agreement says I can – it doesn't prohibit me from doing that. So he makes the argument. What's wrong with that? What's wrong with that, Your Honor, is that competent counsel would at that point have moved to withdraw the plea. That's not part of your brief either. Yes, it is. I remember reading that this morning. The 2255 makes mention of it. And it is our position that at that point, since the second attorney was hired because of this gun enhancement, it was his duty then to do whatever was appropriate to make sure that that gun enhancement that was not supported by the facts or by plea be somehow eliminated. Okay. What I understand your brief to be saying is focusing totally on what the second attorney did and not what the first attorney did. And it seems to me then that makes your – when you make the argument that the plea was involuntary, that has to do with the first alleged ineffective assistance of counsel. It's not contained anywhere. Am I – am I reading that correct? I understand, Your Honor. No, I just want to make sure that I understand your argument correctly. Yes, Your Honor. Okay.  Do you want to reserve for rebuttal? Yes, Your Honor. Okay. Very good. May I just spend about 30 seconds on the second issue? As I looked at my page, I just want to know whether the – It's your time. If you want to argue now, that's fine. Does the Court want me to cover the area that the government raises that the certified issue regarding apprendi error cannot be raised in this hearing? You can argue if you want. I'm not sure that I see that it has any bearing here. All right. Thank you. If it pleases the Court, Kevin Rooney on behalf of the United States. Let me touch on counsel's reframing of the issue about extinguishing the right to counsel. It's not the government's contention that the collateral attack waiver extinguishes the right to counsel. What our position is that that right still exists, but the defendant has no reason to use it. All right. So suppose what happened was he shows up for a sentencing with his lawyer and the district court says, you can't have a lawyer here. Okay. That's – that presupposes, one, that the district court's ineffective, because that's –  I'm sorry. That presupposes, I would say, a miscarriage by the district court. Okay. But I'm asking you what – I've never really understood what the government's position is on how people – I mean, how a waiver can reach something that hasn't happened yet and that may be just outside the bounds of what can anybody constitutionally allow to happen. Okay. The government's position is that the defendant is waiving that – still has that right. I understand that. So you say it would be – I'm getting there. Yeah. That the defendant has that right, but he has deliberately waived the right to bring a challenge to it before this Court. So let me just follow up on Judge Berzon's hypothetical. Defendant shows up at sentencing, court says, you're not allowed to have an attorney here, and you're not allowed to appeal because you've exercised an appellate waiver. Now, tell me what's analytically different from that scenario versus the scenario where he's – he cannot bring – he's waived an ineffective assistance of counsel claim. Okay. Analytically, I see a difference. If you'll put me on the spot here and give me a chance to articulate it. What we've got in this case is a reasoned process. And there's a deliberate waiver in this case as to a reasoned process. And the defendant has all those other protections. He's got a district court that, to be flipped, has not gone off the deep end. All right. Well, let me – I still don't understand your answer to the first hypothetical. What is your answer to the hypothetical? If he signs an appeal waiver, has he waived the right to appeal the fact that he doesn't have a lawyer – he's not allowed to have a lawyer? I don't think in that hypothetical a court would allow that sentencing to stand. If the district court, and if I understand this correctly, said you can't have a lawyer here, or he said you can't allocute, those are fundamental, fundamental rights. They can't be waived, and we've got a miscarriage under that hypothetical. Okay. All right. I don't know how we'd square that. I understand what you're doing. You're putting me in a boxing and a litigant position. No, I'm trying to find out what – I'm never interested in what the government's position – I mean, this is a little case, but the issue is all over the place. Right. And I'll try to explain as best I can the government's position, is the defendant has a fundamental right to effective assistance of counsel at sentencing. And the same – by the same token, he's got a fundamental right to have a trial by jury. He can certainly waive his trial by jury, and he can waive his right to challenge the ineffective assistance of counsel at sentencing. I'm sorry, but I don't see the analogy there. I mean, when you waive a trial by jury, you don't have a trial by jury, and therefore you can't – things can't happen during a trial by jury that are unanticipated. So you've waived – you know everything you're doing and you're waiving it. But if you are having, in fact, a sentencing, you're not waiving the sentencing, you're waiving a constitutional violation during the sentencing, according to the government. And how can you do that when you don't know what happened? Well, I've got two answers to that. One track on that is, when you waive that right to jury, you don't know what would have happened. You might have won. The witnesses might have collapsed. You might have had a sympathetic juror. You've waived the right to a windfall. And that's analogous to now you've waived this right in advance, and now you don't expect your lawyer to be ineffective. But the – continuing on that, on whether or not that can be waived, what the cases that uphold the waiver say is that this is a bargain for – this is bargain for and agreed to by both parties. Both parties are entitled to this. The defendant is entitled to bargain for benefits, and the government is interested in finality and preserving resources. The government doesn't want to send me here on every case so that we don't have – we all understand. I think the problem is, how do you waive a constitutional violation that hasn't occurred yet? Now, in the case of the right to a jury trial, you know what you're waiving. There's no violation, a constitutional violation, when you don't have a jury after you've intelligently waived that. But here, let's assume, for example, that the district court sentences above the statutory maximum, an illegal sentence. And under your scenario – Your sentence, I didn't hear. No, sentences above the statutory maximum. Let's say, all right, it's a three-year maximum, and I'm going to give you life. And you can't appeal it because – That's – that's clear. Well, of course it's wrong. The question is, the government's argument in all these cases seems to say, once you waive that right, you can't appeal, not for ineffective assistance to counsel, not for any other constitutional error. Right. Now, I'll – And that's your position. I'll dispute the court. All I'm trying to do is find a reasoned reason. I know. I'll get to the reasoned thing. I'll just dispute the court on a narrow ground that the person can't be sentenced in excess of the statutory maximum. Well, because there's been essentially an exception created that says that can't be, you can't be waiving that. Right. Okay. And in fact, the sentences that encompass that say you can't waive an illegal or unconstitutional sentence. Right? Those sentences are floating all over the case law, too. Correct. Okay. So what's an unconstitutional sentence? Why is it a sentence that is created due to ineffective assistance, an unconstitutional sentence? Do we have any case law saying it isn't or it is? We don't. We have – the Ninth Circuit has not decided this particular issue. It's come pretty close in United States v. Nunez. What the government's position is, is that the reason the defendant can waive this, why this is constitutionally permissible for the defendant to waive in advance a alleged, a hypothetical ineffective assistance of counsel, is that that's a fair bargain. And the reason it's a fair bargain is that there's a lot of protections in there. You've got a district court supervising this. You've got bar sanctions for ineffective counsel, regardless of a 2255. You've got a neutral government. How does that help the defendant? It deters his client, his counsel. Well, let's just say, you know, and I'm sorry to keep interrupting, but what I'm really trying to strive, and I think Judge Berzon may be, too, is to try to find a rational distinction between the extinguishment of the right to counsel completely, which we know can't take place, and the extinguishment of the right to effective assistance of counsel by waiver before it occurs. Okay. I think we're fundamentally parting ways in response to that hypothetical, is we're not extinguishing the right to counsel. We're waiving. All right. All right. Suppose – so take my hypothetical change a little bit. So this time the lawyer comes in and he's allowed to represent him, but the lawyer says, I had a horrible night. I'm feeling – I'm hungover. I'm not going to say anything today. And he doesn't do anything. What the government's position is that the defendant has waived voluntarily and intelligently his right to bring that challenge before this Court, and where his protection lies is in the wisdom of the district court judge. Well, you know, that's a practical answer, but it's not a constitutional answer. Let's say you have a lawyer who has a conflict of interest, a lawyer who is impaired and can't make a presentation. Your position is – I just want to make sure I understand your position. Your position is it doesn't matter. Once you've waived the right to appeal, that means you cannot challenge the performance of counsel at sentencing. True? That's correct. Okay. I don't – I don't understand your argument. What counsel – what the Court is asking you is about this illegal sentence exception, and you're asked to know whether or not it applies to this particular fact. U.S. v. Nunez covered this case directly. You don't rely on Nunez in your argument. All the other circuits that have looked at this have gone the other direction. But you don't – you don't argue that. I'm sorry, Your Honor. You're catching me. I'm not familiar with the United States v. Nunez case. I'm very aware that the other circuits that have considered this, and one of the best cases is Cockerham. It's cited in our brief. There's Dijelvic. It seems all the other circuits – All the other circuits have gone in favor of the government. Correct. And yet the Ninth Circuit cases that have said the same, you don't argue to us. I don't understand that. Okay. Well, I'm sorry. I'm not familiar with that Nunez case. If it supports the government's position, we're happy to adopt that reasoning. The – touching on a few other things, the certificate of appealability in this case was only as to, at least to this issue, only as to the waiver of effective assistance as to sentencing. Right. The district court found that there was effective assistance at the entry of the police agent. Brochi talks about how an entry of a plea fundamentally changes the equation. Now the person is guilty, he's accepted guilt, and the government's position is it's constitutionally permissible for the man to say, I've made my bargain in the plea agreement. Whatever happens is fine. I'm willing to accept up to the statutory maximum. And we're – that's the position the government's advocating. Are there any further questions? I think we have your argument in hand. I appreciate your answers to the question. Thank you, Your Honor. We'll hear rebuttal. If it pleases the Court, I'd like to take the seminal question by the horns. This Court asked, how do you waive a constitutional right to effective assistance counsel by putting it directly in the plea agreement? If the plea agreement would have said the defendant waives his right by 2255 or by appeal to raise ineffective assistance of counsel, then the defendant can waive it. Suppose we've held you wrong. That is, what do you do with United States Nunez? When Nunez waived his statutory right to appeal his sentence, he implicitly waived his right to argue an effective assistance of counsel involving the sentencing issue, which is directly opposed to what you're arguing. We've already held he implicitly waived it. I guess I'm in the same boat as the government. I have not read the Nunez case. But you've read all the other circuits' cases, right? All the other circuits' cases. But the other circuits are against me. Yes, yes. And Nunez is a very well-written opinion. If I may take the last few seconds I have to expound one last issue, and that is that we believe that Cortez-Arias is somewhat controlling here. It is found at 425 F. 3rd, 547. It's briefed in the judge's opinion. And basically, in that case, the defendant waived everything except the issue of whether or not the crime that enhanced the sentence was one of violence. In that case, then, there was a specific, knowing, clear waiver of everything. It is our position, Your Honor, that Mr. Soto did not waive every single aspect of his sentence. Instead, he specifically reserved the right to appeal any sentence outside the statutory maximum. And that was it. Yes. And that's the only reservation he made. And outside the statutory maximum means what he admitted. What he admitted was a certain amount of violence. The sentence was not above the statutory maximum. My interpretation of statutory maximum is how Ameline sees the statutory maximum, and that is what is admitted under the facts. Even though it's an advisory sentencing guideline range, still, if we just take the admitted amount of dope, it takes you to a level that is the maximum under the guidelines. Right. It's a guideline. It's not statute. Understood. Okay. Thank you, counsel. Thank you. The case is currently submitted for decision.
judges: Wallace, Thomas, Berzon